IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, 1015 15th Street Northwest, Suite 600 Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue Southwest Washington, DC 20202<br><br>*Defendant*. | Case No. 1:21-cv-2309<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, DC and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

7. On May 12, 2020, Student Defense filed a lawsuit against La'James International College ("LJIC"), an Iowa cosmetology school, on behalf of individually

named current and former students and a class of similarly situated persons for violations of the Iowa Consumer Fraud Act, Iowa Code § 714H.5, and for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and breach of contact. The lawsuit alleges that LJIC made misrepresentations to prospective students regarding the timing and availability of financial aid and illegally withheld that financial aid from current students. The case is currently stayed pending the school's appeal of an order certifying plaintiffs' class.

8. As part of its fact investigation, Student Defense submitted several FOIA requests to the Department regarding LJIC's financial position, as well as its financial aid disbursement practices and participation eligibility under Title IV of the Higher Education Act of 1965 (as amended) ("HEA"), 20 U.S.C. § 101 et. seq.

**Audit Requirements**

9. All colleges and universities participating in Title IV programs that disburse federal financial aid to their students (*e.g.*, Pell Grants and Federal Direct Loans) must submit two types of audits annually to the Department. *See generally* 34 C.F.R. § 668.23.

10. Under 34 C.F.R. § 668.23(b), an institution must submit a "compliance audit" conducted under standards prescribed by the government and which covers "all title IV, HEA program transactions . . . that have occurred since the period covered by the institution's last compliance audit."

11. Under 34 C.F.R. § 668.23(d), an institution must submit audited financial statements, which are prepared "on an accrual basis in accordance with

generally accepted accounting principles and audited by an independent auditor in accordance with generally accepted government auditing standards[.]"

12. Both types of audits must be submitted to the Secretary "no later than six months after the last day of the institution's fiscal year." *Id.* § 668.23(a)(4).

**Letters of Credit**

13. Under the HEA and Department regulations, institutions of higher education that fail to meet financial responsibility standards may be required to post a Letter of Credit ("LOC") or other surety to the Department to provide financial protection for the government. HEA § 498(a), 20 U.S.C. § 1099c(c)(3); 34 C.F.R § 668.175. For example, a LOC can cover costs incurred by the federal government if a school closes and students become eligible to have their federal student loans forgiven.

**Student Defense's FOIA Requests**

    **FOIA Request 1: LJIC Financial Audits**

14. On February 25, 2020, Student Defense submitted a FOIA request ("Financial Audit Request") to the Department seeking "any records relating to financial audits of La'James International College, including audited financial statements, communications about financial audits, and communications about letters of credit."

15. Without limiting the Department's obligations to conduct a reasonable search for responsive records, Student Defense requested that the Department search the records of certain specified custodians.

16. On February 26, 2020, the Department acknowledged, through three separate communications, its receipt of the Financial Audit Request, stated that it had "forwarded" the Financial Audit Request "to the primary responsible office(s) for action," assigned tracking number 20-01075-F to the request, and changed the request status to "In Process."

17. On February 27, 2020, Student Defense received an inquiry from Christie D. Swafford, Government Information Specialist in the Office of the Secretariat/FSC at the Department. Ms. Swafford informed Student Defense that the Office of General Counsel "would like to know the date range for the search" as it was "not listed on your request."

18. On February 27, 2020, Student Defense responded to Ms. Swafford, stating that "[w]ithout waiving our right to full compliance, we request that the Department prioritize records from 2014 to the present." Ms. Swafford responded the next day, thanking Student Defense for its response.

19. On March 12, 2020, Student Defense received an interim response letter from the Department. The letter stated that "[s]taff from The Office of the Secretary (OS) informed this office (FSC) that after a search of their files, they were unable to locate any documents that were responsive to your request." It then explained that "[a]t this time, the Department is continuing to process your request, and your FOIA request case file remains open. It will not close until the Department provides you with a response regarding outstanding responsive documents from FSA and OGC."

20. On May 12, 2020, Student Defense requested an update from the Department about the status of the Financial Audit Request.

21. Two weeks later, on May 29, 2020, Student Defense received an email from Jeremy A. Kirsch, Esq., a contractor at the Department's Office of Inspector General ("OIG") regarding the Financial Audit Request, stating: "The Department of Education's (ED) FOIA Service Center forwarded 18 pages to the ED Office of Inspector General (OIG) and asked that we respond to you regarding this [sic] pages directly. As such, attached please find OIG's determination letter and responsive document binder."

22. The letter from OIG stated that "[o]n May 20, 2020, ED's FOIA Service Center referred your request to the Office of Inspector General (OIG) as it pertains to the enclosed documents that originated in the OIG," and that "we are providing you with all 14 pages of documents that were referred to us."

23. The production included fourteen pages of documents regarding La'James College of Hairstyling, Inc., not La'James International College ("LJIC").

24. Following a request for clarification by Student Defense to OIG, which specifically noted that the documents provided related to "La'James College rather than La'James International College," OIG informed Student Defense that "[t]here is no reason to believe we have additional documents responsive to your request. I know that other offices within ED will be sending separate responses, which could be potentially more responsive to your request."

25. On July 16, 2020, Student Defense requested a second update from the Department about the status of its FOIA request. Later that same day, Student Defense received a reply from the Department stating that the search for responsive records was still pending.

26. On September 15, 2020, Student Defense requested a third update from the Department about the status of its FOIA request.

27. On January 6, 2021, Student Defense received a letter from the Department, stating that "[t]his letter is a third interim response" and that "[s]taff from the Office of the Under Secretary (OUS) informed this office (FSC) that after a search of their files, they were unable to locate any documents that were responsive to your request." The third interim response letter stated that "[a]t this time, the Department is continuing to process your request, and your FOIA request case file remains open. It will not close until the Department provides you with a response regarding outstanding responsive documents from OGC."

28. On August 4, 2021, Student Defense requested a fourth update from the Department about the status of its FOIA request. The Department responded that "the current status of this request is that documents have been added to our review log, and they are currently under review by one of the offices before release."

29. Student Defense has not received any further communication from the Department regarding the Financial Audit Request, including any information about the Department's efforts to collect documents from FSA.

**FOIA Request 2: LJIC Annual Compliance Audits**

30. On February 28, 2020, Student Defense submitted a FOIA request (the "Compliance Audit Request") for records related to LJIC's annual compliance audits.

31. Student Defense requested "[a]ny records from 2014 to the present relating to annual compliance audits of La'James International College, including the annual compliance audits submitted to the Department, any final audit determinations related to those annual compliance audits, and any communications about the annual compliance audits or the final audit determinations."

32. Without limiting the Department's obligations to conduct a reasonable search for responsive records, Student Defense requested that the Department search the records of certain specified custodians.

33. On March 2, 2020, the Department acknowledged its receipt of the FOIA submission, stated that it had "forwarded" the Compliance Audit Request "to the primary responsible office(s) for action," and assigned tracking number 20-01135-F to the request.

34. On March 6, 2020, Student Defense received an email from the Department updating the status of the Compliance Audit Request to "In Process."

35. On March 17, 2020, Student Defense received an interim response letter from the Department, stating that "[s]taff from the Office of the Secretary (OS) informed this office (FSC) that after a search of their files, they were unable to locate any documents that were responsive to your request." The interim response

letter concluded that "[a]t this time, the Department is continuing to process your request, and your FOIA request case file remains open. It will not close until the Department provides you with a response regarding outstanding responsive documents from OGC, OUS and FSA."

36. On May 12, 2020, Student Defense requested an update from the Department about the status of the Compliance Audit Request.

37. On July 16, 2020, Student Defense requested a second update from the Department about the status of its FOIA request. That same day, the Department confirmed that it remained "pending."

38. On September 15, 2020, Student Defense requested a third update from the Department about the status of the Compliance Audit Request.

39. On January 6, 2021, Student Defense received a second interim response letter from the Department, stating that "[s]taff from the Office of the Under Secretary (OUS) informed this office (FSC) that after a search of their files, they were unable to locate any documents that were responsive to your request." The second interim response letter concluded that "[a]t this time, the Department is continuing to process your request, and your FOIA request case file remains open. It will not close until the Department provides you with a response regarding outstanding responsive documents from OGC and FSA."

40. On March 31, 2021, Student Defense requested a fourth from the Department about the status of the Compliance Audit Request. That same day, the Department confirmed that it remained "pending."

41. On June 21, 2021, Student Defense requested a fifth update from the Department about the status of the Compliance Audit Request. That same day, the Department confirmed that it remained "pending."

42. Student Defense has not received any further communication from the Department regarding the Compliance Audit Request.

**FOIA Request 3: Letters of Credit**

43. On July 7, 2021, Student Defense submitted a FOIA request for the Department's records of all currently-held LOCs (the "LOC Request"). This would include any LOCs posted by LJIC.

44. Specifically, Student Defense requested "the current detailed log of every letter of credit currently held by the Department that has been posted by, or on behalf of, any institution participating in one or more Title IV, HEA programs, including the following information:"

- OPEID
- Institution Name
- State
- Institution Type
- Institution Fiscal Year End Date
- LOC Request Date
- Reason LOC Requested
- LOC Received Date
- LOC Amount
- LOC Percent Requested
- Notes

45. On July 8, 2021, the Department acknowledged its receipt of the LOC Request, stated that it had forwarded the LOC Request "to the primary responsible

office(s) for action," assigned tracking number 21-02118-F to the request, and updated the status to "In Process."

46. On July 23, 2021, the Department granted Student Defense's request for a fee waiver.

47. On August 5, 2021, Student Defense received an interim response letter from the Department stating that "[a]t this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available."

48. Student Defense has not received any further communication from the Department regarding the LOC Request.

**Exhaustion of Administrative Remedies**

49. As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the Financial Audit Request, Compliance Audit Request, or the LOC Request (collectively the "LJIC FOIA Requests"), including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

50. Through the Department's failure to respond to the LJIC FOIA Requests within the time period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Search for Responsive Records

51. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

52. Student Defense properly requested records within the possession, custody, and control of the Department.

53. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

54. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the LJIC FOIA Requests.

55. The Department's failure to conduct adequate searches for responsive records violates FOIA.

56. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to Student Defense's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

57. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

58. Through the LJIC FOIA Requests, Student Defense properly requested records within the possession, custody, and control of the Department.

59. The Department is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

60. The Department is wrongfully withholding non-exempt agency records requested through the LJIC FOIA Requests by Student Defense by failing to produce non-exempt records responsive to its FOIA requests.

61. The Department's failure to provide all non-exempt responsive records violates FOIA.

62. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct searches reasonably calculated to uncover all records responsive to the LJIC FOIA Requests;

2. Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the LJIC FOIA Requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the LJIC FOIA Requests;

4.  Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.  Grant Student Defense such other relief as the Court deems just and proper.

Dated: August 31, 2021

Respectfully submitted,

*/s/ Eric Rothschild*
Eric Rothschild (D.C. Bar 1048877)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
eric@defendstudents.org
(202) 734-7495